IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

IN ADMIRALTY

| | |
|---|---|
| TALEN'S MARINE & FUEL, LLC<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CON-DIVE, L.L.C., *in personam*;<br><br>SEA HORSE MARINE, INC, *in personam*; and<br><br>M/V OCEAN COMMANDER, her engines, tackle, appurtenancs and appare, *in rem;*<br><br>　　　　　　Defendant(s). | CIVIL ACTION<br><br>NO.<br><br>SECTION "　　" |

**VERIFIED COMPLAINT IN ADMIRALTY IN REM**

COMES NOW, Plaintiff, TALEN'S MARINE AND FUEL, LLC (which, prior to a conversion and name change, was known as Talen's Marine and Fuel, Inc.) ("Talen's"), who by its undersigned counsel, hereby asserts the following Complaint *in personam*, against Defendant, CON-DIVE, LLC ("Con-Dive") and Defendant, SEA HORSE MARINE, INC. ("Sea Horse") and *in rem* against the Defendant vessel, M/V OCEAN COMMANDER ("Defendant Vessel"), and stating an admiralty and maritime claim within the meaning of Rules 9(h) and Supplemental Admiralty Rules C, and D of the Federal Rules of Civil Procedure would show the Court the following:

1

## PARTIES

1.

Plaintiff, Talen's, is a Louisiana limited liability company with its principal place of business at Lake Arthur, Louisiana. Talen's is engaged in the business of selling fuel and provisions to commercial mariners, amongst others.

2.

Defendant Con-Dive is a Louisiana corporation with its principle place of business at 601 Poydras Street, Suite 2775, New Orleans, Louisiana 70130. Defendant Sea Horse is a Nevada corporation with its principal place of business located in Houston Texas. Con-Dive and/or Sea Horse was/were at all relevant times a bareboat charterer of various vessels, including the Defendant Vessel, and/or was/were in the business of providing offshore diving services, including within the district and within the jurisdiction of this Court.

3.

Defendant Vessel is, upon information and belief, a foreign flag vessel owned and operated by entities organized under the laws of a state other than Louisiana and/or a country other than the United States, which is and was at all relevant times engaged in maritime commerce in the waters of the United States.

## JURISDICTION AND VENUE

4.

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333. This is a claim within the meaning of Federal Rule of Civil Procedure 9(h), and

supplemental Admiralty Rules C and D of the Federal Rules of Civil Procedure as well as the Federal Maritime Lien Act, 46 U.S.C. § 31342.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

FACTS

6.

On or about January 20, 2006, Sea Horse/Con-Dive entered into an agreement with Talen's, whereby Talen's agreed to provide fuel and provisions to the Defendant vessel as needed, and Defendant(s) Sea Horse/Con-Dive would be billed for said fuel and provisions periodically (See, Application for Credit attached "Exhibit 1").

7.

As reflected in Talen's unpaid invoices, Talen's, on the order of Sea Horse/Con-Dive, in its/their above noted capacity with respect to the Defendant Vessel, provided products, including but not limited to off road diesel fuel, that were essential to and necessary for the operation of the Defendant Vessel and the accomplishment of its mission. Talen's delivered said products to Sea Horse/Con-Dive at the Amerila Dock in St. Mary Parish, Louisiana on August 19, 2008. The provision of those products was provided in a good and workmanlike fashion by Talen's. Sea Horse/Con-Dive has/have allowed over $290,576.00 worth of unpaid invoices to accumulate to date for fuel and services that have been provided by Talen's. (See, Talen's unpaid invoices attached *in globo* as Exhibit "2"

8.

Despite amicable demand, no payment has been made to Talen's by Sea Horse/Con-Dive on those invoices.

9.

Under the general maritime law of the United States, Talen's has a maritime lien on the Defendant Vessel for the balance owed to Talen's for the fuel and provisions provided to that vessel in the total amount of $290,576.00, or such other amount as will be proven at trial, plus accrued interest, as the said fuel and provisions constituted "necessaries" given rise to a maritime lien on the Defendant Vessel.

10.

Upon information and belief, the Defendant Vessel is presently or will be during the pendency of this action, on the navigable waters of the United States within the jurisdiction of this Honorable Court and is subject to arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedures to enforce Talen's maritime lien on Defendant Vessel.

BREACH OF CONTRACT

11.

Incorporating all facts above, Sea Horse/Con-Dive entered into a maritime contract with Talen's through a series of purchase orders for fuel and other provisions beginning on or about June 20, 2006. Talen's performed its obligations under the agreement by providing Sea Horse/Con-Dive fuel and provisions. Sea Horse/Con-Dive breached the contract by failing to submit payments owed under the agreements. Sea Horse's/Con-Dive's failure to pay has caused Talen's injury. Talen's is entitled to

recover against Sea Horse/Con-Dive *in personam* under a theory of breach of contract. The contract in this case was maritime in nature.

## OPEN ACCOUNT

12.

Incorporating all facts above, Talen's provided fuel and other necessaries to Sea Horse/Con-Dive on August 19, 2008 and invoiced Sea Horse/Con-Dive for these products on September 30, 2008. Payment of the invoice was due within thirty (30) days from the date of the invoice and Sea Horse/Con-Dive's failed to pay the invoice by such date. Talen's is entitled to recover against Sea Horse/Con-Dive under Louisiana Revised Statutes § 9:2781, which includes recovery of attorney's fees.

## QUANTUM MERUIT

13.

Incorporating all facts above and in the alternative to Breach of Contract, Talen's provided valuable goods and services to Sea Horse/Con-Dive. Sea Horse/Con-Dive accepted the goods and services. Sea Horse/Con-Dive had reasonable notice that Talen's expected compensation for the services, but Sea Horse/Con-Dive has/have not compensated Talen's for the goods and services. Talen's is entitled to recover under a theory of quantum merit.

## PROMISSORY ESTOPPEL

14.

Incorporating all facts above and in the alternative to Breach of Contract, Sea Horse/Con-Dive made promises to pay Talen's in exchange for providing fuel and other provisions and Talen's reasonably and substantially relied on Sea Horse's/Con-Dive's

promises by providing the goods and services. Talen's reliance on Sea Horse's/Con-Dive's promises has been to its detriment because Sea Horse/Con-Dive has not paid Talen's for the cost of the goods and services provided. Talen's reliance on Sea Horse's/Con-Dive's promises was reasonably foreseeable by Sea Horse/Con-Dive and injustice can be avoided only by enforcing Sea Horse's/Con-Dive's promises to pay. Talen's is entitled to recover under a theory of promissory estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a)   That process issue from this Honorable Court in proper form instructing the United States Marshal for this District to issue and effect a warrant to the arrest of the M/V OCEAN COMMANDER, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure;

(b)   That the United States Marshal for this District arrest the said vessel and maintain custody over it until such time as the claimants thereto post security sufficient in form and amount to secure Plaintiff's claims herein;

(c)   That those claiming an interest in the vessel be required to file a claim to the vessel and/or property and answer, all and singular, the allegations contained in this Verified Complaint;

(d)   That after due proceedings, judgment be entered in favor of Plaintiff and against Sea Horse Marine, Inc. and/or Con-Dive, L.L.C., *in personam*, and the M/V OCEAN COMMANDER, *in rem*, in the amount of $290,576.00; Prejudgment and post-judgment interest at a rate of 18 percent per annum; Reasonable and necessary attorneys'

fees for prosecution and trial of this matter, and for any appeals, and all other relief to which Talen's is entitled, at law or in equity, both general and special;

(e) That after further proceedings, the M/V OCEAN COMMANDER be condemned and sold to satisfy the claims asserted herein by Plaintiff, or alternatively, that Plaintiff have satisfaction of its claims out of the security, if any, posted to secure the vessel's release; and;

(f) For all such further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

ALLEN & GOOCH
(A Law Corporation)


/s/ Robert A. Robertson
ROBERT A. ROBERTSON (LA # 27060)
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70508
Phone: (337) 291-1440
Fax:     (337) 291-1445

Counsel for Plaintiff,
Talen's Marine and Fuel, LLC


Dated: October 5, 2009


**Clerk, Please Issue Summons For:**

Sea Horse Marine, Inc.
1700 FM 1960 West Butte 106
Houston, Texas  77090

*and*

Con-Dive, LLC
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130

**PLEASE <u>WITHHOLD</u> A WRIT OF ARREST AGAINST THE M/V OCEAN COMMANDER AT THIS TIME. PLAINTIFF RESERVES THE RIGHT TO REQUEST THE ISSUANCE OF THE WRIT AT A LATER DATE.**