RECEIVED

AUG - 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| TALEN'S MARINE & FUEL, L.L.C. | CIVIL ACTION NO. 09-1735 |
| VERSUS | JUDGE DOHERTY |
| CON DIVE, L.L.C., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 14] filed by plaintiff Talen's Marine & Fuel, L.L.C. ("Talen's).

In its motion, Talen's contends it sold approximately 80,000 gallons of bunker diesel fuel to defendants Con Dive, L.L.C. ("Con Dive") and Sea Horse Marine, Inc. ("Sea Horse Marine") on credit pursuant to a credit agreement between the parties; the fuel charges for the purchase in question totaled $290,576.00; and, pursuant to the contract entered into between Talen's and defendants, defendants agreed to pay 18% interest on outstanding invoices and would be liable for attorney's fees if it became necessary for Talen's to retain counsel to pursue a collection action. Talen's contends it has made demand on defendants for the amounts owed, but defendants have failed to pay said amounts. In support of its motion, Talen's attaches Sea Horse Marine's "Application for Credit form," executed by Mindy Kay, Vice President of Sea Horse Marine, which form includes plaintiff's credit terms; an invoice dated September 30, 2008, showing Con Dive and Sea Horse as the purchasers of 80,000 gallons of diesel, for a total of $290,576.00; a Delivery Ticket dated August 19, 2008 evidencing same; a Meter Ticket showing 80,000 gallons of "Diesel #2" was pumped on August 20, 2008 "on credit;" and a November 7, 2008 demand letter from counsel for

Talen's to Ms. Kay, demanding payment of all amounts due on the defendants' accounts. Executed returns on Certified Mail Receipts show the demand letter was sent by certified mail to both Con Dive and Sea Horse Marine, which share the same corporate address in Houston, Texas.[1] Talen's also attaches the Affidavit of Ron Mattingly, CFO of Talen's, who attests to the facts contained within the motion for summary judgment.

The instant motion is unopposed. Therefore, the Motion for Summary Judgment [Doc. 14], appearing to be well-founded in law[2] and fact and being unopposed by the plaintiff, is hereby GRANTED, this Court concluding plaintiff Talen's is entitled to judgment on its *in personam* claim alleged against the defendant companies for the outstanding balance due of $290,576.00, plus 18% interest and reasonable attorneys' fees, all as set forth in the credit agreement between the parties.

The instant motion does not address that portion of plaintiff's complaint alleging an *in rem* action against the M/V Ocean Commander. Therefore, the only relief that can be granted herein is the relief requested on plaintiff's *in personam* claims against the defendant companies arising under either breach of contract or open account, and not the *in rem* action against the vessel.[3] Consequently, no final judgment shall issue until all remaining issues in the case have been resolved.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __3__ day of August, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, Talen's attaches the Time Charter Party Agreement between Adam's Offshore, Ltd. and Con Dive, showing Adam's timed-chartered its offshore service vessel, the M/V Ocean Commander, to Con Dive for a two-year term pursuant to the charter party. Talen's contends the fuel it sold to Con Dive and Sea Horse Marine was utilized on the M/V Ocean Commander.

[2] Talen's contends it is entitled to the claimed amounts whether by way of breach of contract, Louisiana's law on open account, quantum meruit, or promissory estoppel. Because the instant motion is unopposed and defendants have presented no challenge to any theory of recovery alleged by plaintiff, this Court need not determine which theory of recovery is applicable.

[3] A careful review of the plaintiff's complaint showed Talen's requested that the M/V Ocean Commander be seized pursuant to a maritime lien under general maritime law. However, none of the procedural requirements for a vessel seizure have been followed in this case, therefore, this Ruling does not resolve that issue.