UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TALEN'S MARINE & FUEL, L.L.C.       CIVIL ACTION NO. 6:09-CV-1735

VERSUS       JUDGE DOHERTY

CON DIVE, LLC, ET AL.       MAGISTRATE JUDGE HANNA

## <u>MEMORANDUM  RULING  AND  ORDER</u>

Before this Court is the determination of the amount of reasonable attorneys' fees to which the plaintiff is entitled in connection with its successful prosecution of this lawsuit, including its prevailing on its motion for summary judgment.  In its memorandum ruling (Rec. Doc. 14) and in its order (Rec. Doc. 19), the District Court determined that the plaintiff is entitled to an award of reasonable attorneys' fees and referred the matter of the amount of those fees to the undersigned.  Pursuant to the District Court's order, the plaintiff's counsel, Robert A. Robertson of the Allen & Gooch law firm, filed an affidavit of fees.  (Rec. Doc. 18-1).  Review of the affidavit reveals that the plaintiff seeks an award of $14,262.50 in attorneys' fees, representing 81.50 hours at a rate of $175.00 per hour.  The defendant has filed neither an objection to the affidavit nor a memorandum addressing this issue.

### BACKGROUND INFORMATION

The following facts were alleged in the plaintiff's complaint and supported by an affidavit filed in connection with the plaintiff's motion for summary judgment.  At some point prior to January 2006, Con Dive, LLC opened an account with the plaintiff, Talen's Marine & Fuel, LLC, which allowed Con Dive to purchase provisions for its vessels, such as diesel fuel, on credit.  In January 2006, Con Dive asked Talen's to start designating its invoices as being billed jointly to Con Dive and Sea Horse Marine, Inc.  Before making the requested change in the billing designation, Talen's required Sea Horse to submit a credit application and be approved.  On January 6, 2006, Sea Horse executed the credit application.  Thereafter, all of Talen's invoices were billed to Con Dive and Sea Horse jointly.  The credit application sets forth the terms of the agreement between Talen's and its customers, stating:  "Applicant agrees that if account must be placed in the hands of an attorney, or a suit is filed thereon, or other legal proceedings for collection of any such amount, Applicant agrees to pay all costs of collection, including attorney's fees."

In January 2007, Adam's Offshore, Ltd. time-chartered its offshore service vessel, M/V OCEAN COMMANDER to Con Dive for a two-year term.  In August 2008, Talen's delivered diesel fuel to Con Dive and Sea Horse, which was used on

the M/V OCEAN COMMANDER.  In connection with that delivery, Talen's issued an invoice to Con Dive and Sea Horse in the amount of $290,576.00.  Talen's was not paid, and this litigation ensued.

In its complaint, which was filed pursuant to this Court's admiralty jurisdiction, Talen's asserted an *in rem* claim against the M/V OCEAN COMMANDER based on the allegation that the diesel fuel was necessary for the vessel's mission; asserted *in personam* claims against Con Dive and Sea Horse based on the allegation that they breached their maritime contract with Talen's by failing to pay the amount owed for the purchase of fuel; and asserted state law claims for promissory estoppel, quantum meruit, and on open account.

Talen's motion for summary judgment was granted with regard to the *in personam* claims (Rec. Doc. 16), and Talen's voluntarily dismissed its *in rem* claim (Rec. Doc. 19).  All that remains to be decided is the amount of attorneys' fees to be awarded to Talen's.

## ANALYSIS

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorney fees.[1]  Under the "lodestar" analysis, a two-step procedure is used.[2]  The district court determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers,[3] then multiplies the reasonable hours by the reasonable hourly rates.[4]  The product is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case,[5] assessing twelve relevant factors.[6]  The twelve factors are:  (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

---

[1]      *In re Fender*, 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied*, 511 U.S. 1143 (1994); *Shipes v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir.), *cert. denied*, 510 U.S. 991 (1993).

[2]      *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

[3]      *Louisiana Power v. Kellstrom*, 50 F.3d at 324.

[4]      *Louisiana Power v. Kellstrom*, 50 F.3d at 324.

[5]      *In re Fender*, 12 F.3d at 487.

[6]      *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

The Supreme Court has barred the use of the sixth factor – whether the fee is fixed or contingent[7] – and has greatly limited the use of the second, third, eighth, and ninth factors, holding that the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.[8]   "[E]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts."[9]

The fee applicant bears the burden of proving the reasonableness of the number of hours expended on its prevailing claim.[10]   An applicant does not have the right to

---

[7]      *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996), citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992).

[8]      *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986), citing *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984).  See, also, *Walker v. U.S.*, 99 F.3d at 772.

[9]      *Walker v. U.S.*, 99 F.3d at 771–72 (internal citations omitted)..

[10]      *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

-5-

bill for time on issues on which he did not prevail.[11]  The applicant must also submit adequately-documented time records to the court.[12]  Using the time records as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented.[13]  Hours that result from the case being overstaffed and hours that, although actually expended, are excessive, redundant, or otherwise unnecessary, should be excluded from the calculation.[14]  For example, the time of two or three attorneys in a courtroom or conference when one would do may be discounted.[15]  Finally, the court may reduce the fee award if the applicant fails to meet its evidentiary burden.[16]

In this case, the plaintiff seeks $14,262.50 for legal services performed by Mr. Robertson. In support of the fee request, Mr. Robertson submitted his affidavit, without any contemporaneous billing records, but with a detailed summary of the work performed and the amounts charged.  Courts customarily require the applicant

---

[11]     *Walker v. U.S.*, 99 F.3d at 769.

[12]     *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

[13]     *Watkins v. Fordice*, 7 F.3d at 457, citing *Hensley v. Eckerhart*, 461 U.S. at 432-34.

[14]     *Leroy v. City of Houston*, 906 F.2d at 1079; *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982).

[15]     *Johnson v. Georgia Highway Express*, 488 F.2d at 717.

[16]     *Hensley v. Eckerhart*, 461 U.S. at 433; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (reducing the lodestar for inadequate documentation).

to produce contemporaneous billing records or other sufficient documentation so that the records can be examined and any noncompensable hours subtracted from the calculation.[17]   However, "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours."[18]   A district court may reduce the number of hours awarded if the documentation is vague or incomplete.[19]

The plaintiff seeks an award for 81.5 hours spent by its attorney in connection with the litigation of this matter, including the successful motion for summary judgement.  The defendant does not contest the reasonableness of the requested hours claimed by Mr. Robertson.  Moreover, review of the detailed billing summaries provided by Mr. Robertson leads the undersigned to conclude that the requested hours for the work performed are not excessive or duplicative, and are reasonable. Accordingly, the undersigned finds that the claimed 81.50 hours for these services should be awarded.

Next, reasonable hourly rates for the plaintiff's attorney must be determined. Attorneys' fees are to be calculated at the "prevailing market rates in the relevant

---

[17]      *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324.

[18]      *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324, citing *Heasley v. Commissioner*, 967 F.2d 116, 123 (5th Cir. 1992).

[19]      *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d at 324.

community."[20]  A reasonable rate is the market rate.[21]  The "relevant community" for

the purpose of awarding attorney fees is the judicial district in which the litigation

occurred.[22]

In his affidavit, Mr. Robertson stated that his hourly billing rate for this client

is $175.00 per hour.  Mr. Robertson's affidavit does not set forth his qualifications

or experience, and in particular, there is no indication of Mr. Robertson's experience

in handling maritime lien litigation nor did he submit any evidence of the rates

charged by other maritime attorneys in southwestern Louisiana.  However, a billing

rate of $175.00 per hour in a maritime contract case has been previously approved by

this court.[23]

---

[20]       *Blum v. Stenson*, 465 U.S. at 895.

[21]       *Conner v. Mid South Insurance Agency, Inc.*, 943 F.Supp. 663, 667 (W.D. La 1996), citing *Blum v. Stenson*, 465 U.S. at 894.

[22]       *Jordan v. Allain*, 619 F.Supp. 98, 113 (N.D. Miss.1985); *Eli Lilly & Co. v. Zenith Goldline Pharmaceuticals, Inc.*, 264 F.Supp.2d 753, 763–764 (S.D. Ind. 2003) (collecting cases supporting the use of rates in the community where the forum court is located).

[23]       *Brown v. Sea Mar Management, LLC*, 2006 WL 3328194, *4 (W.D. La. 2006). Examination of the jurisprudence of this district indicates that hourly rates as high as $215.00 are reasonable in § 1983 litigation.  *Powell v. Hill*, 2008 WL 4933983, *5 (W.D. La. 2008). Accordingly, this Court according approved a request for fees calculated at the rate of $145.00 per hour in civil rights litigation.  *Lawrence v. Morris*, 2011 WL 1304477, *3 (W.D. La. 2011).  The Fifth Circuit approved hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit litigated in the United States District Court for the Western District of Louisiana.  *Strong v. BellSouth Communications*, 137 F.3d 844, 850 (5th Cir. 1998).  In *Conner v. Mid South*, 943 F.Supp. at 669, hourly rates of $140.00 and $120.00 for attorneys were approved in an ERISA action.  This Court has also determined that $150.00 per hour is a reasonable hourly rate for attorneys' fees incurred in Social Security litigation.  *Wilks v. Astrue*, 2009 WL 1788596, *2 (W.D. La. 2009).

Based on the evidence presented, the undersigned's general knowledge of the qualifications and experience of the Allen & Gooch law firm and its attorneys, and the hourly rates determined to be reasonable in other cases, the undersigned finds the requested rate of $175.00 per hour for services performed by Mr. Robertson is reasonable.

In light of the above, the undersigned recommends that the fees be calculated as follows:  81.50 hours at the reasonable hourly rate of $175.00, for a total of $14,262.50.

The parties have not argued that the *Johnson* factors mandate an enhancement of the lodestar amount.  A listing of the factors and analysis of each factor as it applies in this case follows.

(1)  Time and labor involved:  The lodestar adequately compensates for the time and labor involved.

(2)  Novelty and difficulty of the questions:  There is no evidence that the facts or the underlying legal theories involved in this case were novel or overly difficult, and this factor is subsumed in the lodestar analysis.

(3)  The skill required to perform the legal services properly:  The hourly rate adequately compensates counsel for the level of skill required to handle this matter competently.

(4) Preclusion of other employment:  There is no evidence to establish that the handling of this case precluded handling of other cases by the plaintiff's counsel, and this factor is subsumed in the lodestar analysis.

(5) Customary fee:  In accordance with the foregoing analysis, the hourly rate sought in this case falls within a reasonable range.

(6) Fixed or contingent fee:  This factor is not to be considered.

(7)  Time limitations:  There is no evidence that any extraordinary time limitations or onerous circumstances justify an upward adjustment.

(8)  The time involved and the results obtained:  This case was dismissed on the plaintiff's motion for summary judgment approximately a year and a half after the suit was filed; thus, the lodestar adequately compensates for this factor.  Additionally, although judgment was rendered in the plaintiff's favor, the Supreme Court has greatly limited the use of this factor for enhancing a lodestar calculation.

(9)  The experience, reputation, and ability of counsel:  Mr. Robertson and his law firm enjoy the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor.

(10)  The undesirability of the case:  Although this type of litigation may involve undesirable situations, this factor is adequately compensated by the lodestar.

(11)  The nature and length of the professional relationship with the client:  No evidence has been presented regarding this factor.

(12)  Awards in similar cases:  There is no evidence that the award of fees sought herein exceeds the amount awarded in similar cases, to the contrary, in light of the above analysis, the award sought herein is entirely reasonable.

The lodestar is presumptively reasonable and should be modified only in exceptional cases.[24]  The undersigned finds that this is not such a case, and the lodestar requires no adjustment.  Therefore, the sum of $14,262.50 is a reasonable attorney's fee that should be awarded to the plaintiff.

Accordingly,

IT IS ORDERED that the plaintiff's motion for the recovery of reasonable attorney's fees, which was included in its motion to dismiss (Rec. Doc. 18) is GRANTED; and

IT IS FURTHER ORDERED that the defendants, Con Dive LLC and Sea Horse Marine, Inc., shall pay to the plaintiff, Talen's Marine & Fuel, LLC, the full sum of $14,262.50, representing the reasonable attorney's fees incurred by the plaintiff in prosecuting this action.

---

[24]      *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993), citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Signed at Lafayette, Louisiana, this 21ˢᵗ day of April 2011.


PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE